NEAL GRAY, Respondent, *v.* MILTON HARDENBERGH, Appellant.

(County Court, Sullivan County, July, 1919.)

Conversion — when collector of school district liable for — actions — bonds — Education Law, § 252.

Where one duly appointed school district tax collector fails to qualify by giving the bond required by section 252 of the Education Law he has no authority to collect a tax and is therefore liable in conversion for seizing and selling certain personal property of one who refuses to pay his school tax.

The fact that the owner, after the sale of said property under

the tax warrant pursuant to notice duly posted, delivered some of the property to the purchaser did not preclude him from maintaining the action.

APPEAL from a judgment of a Justice's Court rendered in favor of plaintiff.

George H. Carpenter, for appellant.

Arthur E. Conner, for respondent.

SMITH, J.   This action was brought in a Justice Court to recover damages for a conversion of personal property. The defendant admitted, in his answer, the taking of the property and set up in justification that he was the collector of school district No. 12 in the town of Rockland, Sullivan county; that a tax roll and warrant for the collection thereof had been placed in his hands by the trustee of said district, and that he had seized and sold the property of the plaintiff for the purpose of collecting the tax assessed against him on such list. The trial before the justice resulted in a judgment in favor of the plaintiff, from which this appeal is taken upon questions of law.

The proof shows that the defendant was appointed school collector for district No. 12 by the trustee of said district; that his appointment was duly filed according to law; that the tax roll with the warrant of the trustee attached thereto, was put in his hands for collection, and that he advertised the property and sold the same at public sale under such warrant and pursuant to notice duly posted for that purpose. It is conceded, however, that the defendant failed to execute the bond required by section 252 of the Education Law, and the question to be determined here is whether or not he can justify the taking of plaintiff's

property as such collector under his tax warrant, when he has failed to qualify by executing and delivering such bond.

I have endeavored to find authority in the law that would justify me in reversing this judgment and sustaining the proceedings of the school district collector in levying upon and selling plaintiff's property upon his refusal to pay his school tax.  The plaintiff was a property owner in the district and as such was liable for his share of the expenses of maintaining the public school.  No possible injury or injustice could be occasioned to him on account of the collector's failure to execute a bond.

Public policy requires that public officers, acting in good faith and by virtue of their election or appointment, should be protected in their acts performed within the regular scope of their duties.  In rural communities far distant from men familiar with the preparation and execution of legal documents or papers, officers are necessarily selected and are compelled under the law to serve, who are unaccustomed to such duties and unfamiliar with the formalities and requirements prescribed by the statute to qualify them to discharge the same.

It would seem that the rules governing *de facto* officers and holding their acts valid should in the interest of justice and public policy control in such cases.  I feel, however, that the weight of authority, especially in this department, is against such a course in this case, and that the acts of this defendant in seizing the plaintiff's property, when he had not qualified by executing and delivering the bond required by the law, cannot be upheld.

Section 252 of the Education Law requires a collector of a school district to execute to the trustees a bond before receiving the first warrant for the col-

lection of taxes. Subdivision 2 of section 232 provides that: " The collector * * * *vacates* his office by not executing a bond to the trustees, as herein required." The language of the statute providing for the collector's bond is substantially the same now as it was under the old law. Laws of 1864, chap. 556, as amd. by Laws of 1875, chap. 567.

Under these acts the General Term in this department in the case of *Duntley* v. *Davis,* 42 Hun, 229, has held that while the subsequent filing of a bond by a school collector would relate back so as to validate his acts previously performed, such as posting of notices of sale and receiving the warrant, yet he would not be protected in seizing or selling property even if such bond were subsequently executed, that the giving of the bond was mandatory, and that the collector could not enforce a warrant before it was executed.

In the case of *Woodhull* v. *Bohenblost,* 4 Hun, 399, the court says: " It would seem * * * that it was the intention of the legislature that the collector should have no power to execute a warrant for the collection of a tax until such bond is given." And in that case, Presiding Justice Mullen, writing the opinion, further says: " It seems to me that this provision of the statute is mandatory, and as no bond has ever been given, the collector has never had authority to collect the tax."

These decisions are binding upon this court and require me, although reluctantly, to affirm this judgment. Under the pleadings and the proofs I think there was shown sufficient interference with the property of the plaintiff to authorize him to maintain an action for replevin. The defendant levied upon the animal, advertised it for sale, sold it at public auction, received the money upon the sale and the plaintiff

forbid him selling it. The fact that plaintiff, after such proceedings, drove the calf out and delivered it to the purchaser would not bar him from maintaining an action for its conversion. The judgment of the justice, therefore, must be affirmed.

Judgment affirmed, with costs.